Lisa S. Kantor, Esq., SBN 110678
e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq. SBN 199634
e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
John Doe

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>           Plaintiff,<br><br>    v.<br><br>PRIME CAPITAL INVESTMENT ADVISORS, LLC HEALTH BENEFIT PLAN,<br><br>           Defendant. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, JOHN DOE, herein sets forth the allegations of his Complaint against Defendant, PRIME CAPITAL INVESTMENT ADVISORS, LLC HEALTH BENEFIT PLAN.

## **PRELIMINARY ALLEGATIONS**

1.     Jurisdiction - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

1  involves a federal question. This action is brought for the purpose of obtaining

2  benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights

3  under the terms of an employee benefit plan. Plaintiff seeks relief, including but not

4  limited to: payment of benefits, prejudgment and post judgment interest, and

5  attorneys' fees and costs.

6      2.    Plaintiff John Doe was at all times relevant a resident of Orange

7  County, California. Therefore, venue is proper in this judicial district pursuant to 29

8  U.S.C. § 1132(e)(2).

9      3.    Plaintiff was at all relevant times a covered participant under an

10  employee group health benefit plan ("Plan"), the Defendant Prime Capital

11  Investment Advisors, LLC Health Benefit Plan, pursuant to which he and his

12  dependent daughter, A.M., were entitled to health benefits.

13      4.    Plaintiff is informed and believes that Defendant Prime Capital

14  Investment Advisors, LLC Health Benefit Plan self-funded the health benefits under

15  the Plan.

16      5.    Plaintiff is informed and believes that Cigna and Evernorth Behavioral

17  Health administered mental health benefits under the Plan.

18      6.    Defendant has its principal place of business in Overland Park, Kansas,

19  is authorized to transact and is transacting business in this judicial district, the

20  Central District of California, and can be found in the Central District of California.

21                     **FIRST CAUSE OF ACTION**

22          **FOR DENIAL OF PLAN BENEFITS UNDER ERISA**

23      7.    Plaintiff incorporates by reference the foregoing paragraphs as though

24  fully set forth herein.

25      8.    Plaintiff seeks benefits for his daughter A.M.'s residential treatment at

26  Elevations Treatment Center ("Elevations") from 2022 to present.

27

28

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

A.M.'s Treatment History

9.     A.M. has a history of mental illness beginning at age 10 with symptoms of depression and anxiety.

10.     At age 11, she attempted suicide. At age 12, she developed an eating disorder. She attempted suicide a second time and a third time. She self-harmed daily.

11.     By July 2022, A.M. was 13 years old and had five psychiatric holds in less than three years due to multiple suicide attempts. Her depression, anxiety, substance abuse, and eating disorder were worsening at outpatient treatment.

12.     A.M.'s outpatient psychiatrist recommended residential treatment and described A.M.'s condition as "life-threatening due to her high levels of suicidality, unpredictability and impulsivity that have culminated in multiple suicide attempts and psychiatric hospitalization." She further wrote that denial of residential treatment "could lead to catastrophic consequences" and that residential continues to be "a life-saving measure."

A.M.'s Admission to Elevations

13.     On July 15, 2022, A.M. was admitted to Elevations to treat multiple mental illnesses including bipolar disorder, major depression, anxiety disorder, substance abuse, and an eating disorder.

14.     A.M. has had several incidents of self-harm at Elevations, *i.e.* new self-harm cutting lacerations on leg, refused to give the contraband used to self-harm and refused to wash the lacerations (9/24/22), when her room was checked for contraband A.M. got incredibly angry and depressed and yelled that she was going to kill herself and "that they couldn't stop her from self-harming" and told stuff that she "would just find more contraband" and she has easy access to glass because "it's everywhere outside" (9/25/22), self-harm to right ankle and refused nurse to assess or clean wound (9/25/22), struggling with self-harm behaviors and contraband found

(10/4/22), self-harm urges (10/10/22), smashed face into the wall (10/11/22), urges to self-harm (10/28/22).

15.     A.M. has had suicidal intent and threats of harm toward others, *i.e.* stated she wanted to die and meant it when she told others she wished they were dead (9/26/22), active suicide ideation (9/26/22), reporting homicidal ideation towards parents and suicidal ideation (9/27/22), suicidal ideations (11/18/22), talking about wanting to die (12/6/22), told her mother she wanted to kill herself (1/1/23), stated numerous times "I wish I would have killed myself" and "I just want to die" and "I just want to slit my wrists. I wish I would die every single day" (1/5/23), talking about wanting to kill herself (1/11/23), told parents in session that she is "the most suicidal I've ever felt" (1/11/22), feeling suicidal and making impulsive comments about wanting to die (1/13/23), feeling suicide is a reasonable option (1/25/23).

16.     A.M. has had urges to use drugs and glorified drug use, *i.e.* 10/18/22, 10/26/22, 11/9/22, 1/18/23) and does not want to be sober anymore (1/9/23).

17.     A.M. has had eating disorder behaviors, *i.e.* skipping meals and body checks (10/4/22), did not eat dinner and made comments about being anorexic (10/11/22), frequently mentions anorexia and restricted food and body checks (10/18/22), did not eat dinner (10/21/22), struggling with eating disorder and restricting food (11/13/22), restricting food as means to cope with her emotions (11/18/22), losing weight (12/9/22), struggling to acknowledge disordered eating (1/6/23), concerns about weight loss and feeling that she has replaced self-harm with disordered eating (1/11/23), restrictive food intake (1/13/23), struggling to eat full meals and stated "I am only eating because my therapist wants me to eat" (2/1/23), struggling with body checking and walking about her weight and eating habits (3/8/23), possible purging (3/11/23).

18.     Cigna approved benefits for A.M.'s residential treatment from admission on July 15, 2022 through September 23, 2022.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Cigna's Denial of Benefits

19.   In a September 23, 2022 letter, Cigna denied benefits for A.M.'s residential treatment, incorrectly claiming residential treatment was not medically necessary because A.M.'s condition was "adequately stabilized and/or improved," "[y]ou do not have thoughts of hurting yourself or others," and "[y]ou are doing better."

Plaintiff's Appeal

20.   On March 22, 2023, Plaintiff submitted a written appeal from the denial of benefits and enclosed four letters of support from treatment providers, emergency room records of psychiatric holds, and residential treatment records. The appeal was sent by certified mail with confirmed receipt.

21.   Defendant did not respond to the appeal.

22.   A.M. remains in residential treatment at Elevations as of the date of this filing.

23.   Plaintiff exhausted all appeals under the Plan.

24.   Defendant wrongly denied benefits for A.M.'s residential treatment in the following respects, among others:

(a)   Failure to authorize and pay for health benefits as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b)   Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of claims for health benefits;

(c)   After claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect his request along with an explanation of why such material is or was necessary;

5

(d)     Failure to properly investigate the merits of the request and appeal submission;

(e)     Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment; and

(f)     Failure to provide an appeal decision.

25.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied health benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

26.     Following the denial of the request for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

27.     As a proximate result of the denial of benefits, Plaintiff has been damaged by the cost of residential treatment, in excess of $125,000.00 and continuing to accrue each day.

28.     As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

29.     Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his rights to future benefits under the terms of the Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## SECOND CAUSE OF ACTION
## FOR EQUITABLE RELIEF

30.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

31.     As a direct and proximate result of the failure of the Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

        (a)     Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

        (b)     Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

Plaintiff requests judgment against Defendant as follows:

1.     Payment of health benefits due to Plaintiff under the Plan;

2.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3.     Payment of any applicable prejudgment and post judgment interest as allowed for under ERISA; and

4.     For such other and further relief as the Court deems just and proper.


DATED: May 2, 2023                    KANTOR & KANTOR, LLP


                                    BY:     *s/ Elizabeth K. Green*
                                              Elizabeth K. Green
                                              Attorneys for Plaintiff
                                              John Doe

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

ERISA COMPLAINT